Jonathan Z. King (jzk@cll.com)
Thomas Kjellberg (txk@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
(212) 790-9200
Attorneys for Defendant Warner Music Group Corp.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YESH MUSIC, LLC,<br><br>                             Plaintiff,<br><br>     against<br>WARNER MUSIC GROUP CORP., MAL LUNE<br>MUSIC, and WILLIAM NZOBAZOLA a/k/a<br>NINHO,<br><br>                        Defendants. | No. 19 Civ. 7832 (AJN) |

**DEFENDANT WARNER MUSIC GROUP CORP.'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**PARTIAL MOTION TO DISMISS THE COMPLAINT**

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .........................................................................................................................3

I.      THE COURT SHOULD DISMISS PLAINTIFF'S COPYRIGHT
INFRINGEMENT CLAIM BECAUSE PLAINTIFF'S COPYRIGHT
REGISTRATION IS INVALID .....................................................................................4

      A.     The Yesh Registration Contains Materially Inaccurate Information .......................5

      B.     The Court Should Refer The Yesh Registration To The Register Of
Copyrights..............................................................................................................6

      C.     The Court Should Simultaneously Determine Yesh's Knowledge Of
The Inaccurate Information In The Yesh Registration On This
Motion..................................................................................................................11

CONCLUSION....................................................................................................................13

TABLE OF AUTHORITIES

## Cases

*Argento v. Santiago*,
   No. 16-6172, 2017 U.S. Dist. LEXIS 207814 (W.D.N.Y. Dec. 18, 2017) .................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................................3

*Bill Diodato Photography LLC v. Avon Prods.*,
   No. 12-847, 2012 U.S. Dist. LEXIS 135688 (S.D.N.Y. Sep. 21, 2012) ....................................4

*Bruhn NewTech, Inc. v. United States*,
   144 Fed. Cl. 755 (2019) ......................................................................................................11, 12

*Bryan v. United States*,
   524 U.S. 184 (1998) .................................................................................................................11

*DeliverMed Holdings, LLC v. Schaltenbrand*,
   2014 WL 27104 (S.D. Ill. Jan. 30, 2014) ................................................................................10

*DeliverMed Holdings, LLC v. Schaltenbrand*,
   No. 3:10-cv-684-JPG-DGW (S.D. Ill.) .....................................................................................10

*DiFolco v. MSNBC Cable LLC*,
   622 F.3d 104 (2d Cir. 2010) .......................................................................................................4

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019) .................................................................................................................4

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, Ltd. Liab. Co.*,
   925 F.3d 1140 (9th Cir. 2019) .............................................................................................11, 12

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*,
   484 U.S. 49 (1987) .....................................................................................................................8

*King-Devick Test, Inc. v. NYU Langone Hosps.*,
   No. 17-9307, 2019 U.S. Dist. LEXIS 117628 (S.D.N.Y. July 15, 2019) ...................................8

*Lentell v. Merrill Lynch & Co., Inc.*,
   396 F.3d 161 (2d Cir. 2005) .......................................................................................................4

*Palmer/Kane LLC v. Gareth Stevens Publ'g*,
   No. 15-7404, 2016 U.S. Dist. LEXIS 147336 (S.D.N.Y. Oct. 24, 2016) .................................12

*Palmer/Kane LLC v. Rosen Book Works LLC*,
   188 F. Supp. 3d 347 (S.D.N.Y. 2016) ...........................................................................7, 11, 12

*Reed Elsevier, Inc. v. Muchnick*,
   559 U.S. 154 (2010) ...................................................................................................................5

31003/007/3387297

*Ronaldo Designer Jewelry, Inc. v. Cox,*
   No. 17-02, 2019 U.S. Dist. LEXIS 69187 (N.D. Miss. Apr. 24, 2019) ........................................8

*SellPoolSuppliesOnline.com LLC v. Ugly Pools Ariz. Inc.,*
   No. 15-1856, 2018 U.S. Dist. LEXIS 163007 (D. Ariz. Sept. 24, 2018).................................12

*Spinelli v. Nat'l Football League,*
   903 F.3d 185 (2d Cir. 2018) ................................................................................................4

*Star Athletica, L.L.C. v. Varsity Brands, Inc.,*
   137 S. Ct. 1002 (2017) ......................................................................................................11

**Statutes**

17 U.S.C. § 204(a) ..............................................................................................................6, 9

17 U.S.C. § 410(d) ....................................................................................................................5

17 U.S.C. § 411(a) ................................................................................................................5, 6

17 U.S.C. § 411(b) ........................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

**Regulations**

37 C.F.R. § 202.3(a)(3) ..........................................................................................................10

Defendant Warner Music Group Corp. ("WMG") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Claim for Relief against WMG asserted in the Amended Complaint of plaintiff Yesh Music, LLC ("Yesh").

## PRELIMINARY STATEMENT

Yesh commenced this action on August 21, 2019, alleging that WMG and the other named defendants are infringing its purported copyright in a sound recording and musical composition entitled "Anything You Synthesize." *See* Complaint (Docket No. 1).  Yesh subsequently amended its complaint to add a claim that the same conduct accused in the original complaint also amounted to breach of a past settlement agreement. *See* Amended Complaint (Docket No. 9).  The crux of Yesh's grievance is that it allegedly owns a copyrighted recording and composition, and that Defendants are liable for exploiting an "Infringing Derivative" of Yesh's copyrighted work. *See* Amended Complaint ¶ 3.

There are multiple defects with Yesh's claims.  Among other things, Yesh has sued the wrong party, as WMG is a holding company that is not exploiting the "Infringing Derivative" in any fashion and has no control over the other defendants (both located in France) who are allegedly doing so.  Additionally Yesh's claims under the Digital Millennium Copyright Act are an incoherent hodgepodge of elements from multiple, unrelated statutory provisions untethered to plausible factual allegations.[1]  However, the instant motion is confined to a threshold defect that looms over this entire controversy:  Yesh's copyright registration, a prerequisite to assertion of its copyright claim, is facially invalid under the Copyright Act.  Without a valid registration to

---

[1] Yesh has also improperly attached a confidential settlement agreement to the Amended Complaint in violation of that agreement's express terms and despite repeated objections from WMG's counsel.  WMG will seek appropriate relief for this breach as well.

1

support it, Yesh's first cause of action for copyright infringement should therefore be dismissed for failure to state a claim.

As set forth in detail below, Yesh's registration (attached to the Amended Complaint) is based upon the demonstrably false statement that, at the time the application for registration was submitted to the Copyright Office, Yesh owned the work in question by "written assignment." That "transfer statement" was critical to the application, because copyrights may only be transferred in writing. However, Yesh's purported assignment agreement, also attached to the Amended Complaint, was executed five months *after* the application for registration was submitted to the Copyright Office. Under the law of this Circuit and others that have confronted inaccurate statements of this nature, Yesh's false statement that it owned the copyright by "written assignment" at a time when no assignment existed renders the registration invalid and incapable of supporting Yesh's copyright claim, which accordingly must be dismissed.

The procedures for invalidating a registration based on such "inaccurate information" are prescribed by the Copyright Act and involve a two-step process. As detailed below, pursuant to 17 U.S.C. § 411(b), a registration will be invalidated for "inaccurate information" if the registrant had "knowledge" of the inaccuracy, and the Copyright Office would have refused the registration if apprised of the inaccuracy. While the Court determines the "knowledge" element, the question of whether the Copyright Office would have refused registration had it known the true facts must be referred to the Register of Copyrights as a mandatory matter whenever inaccurate information is "alleged."

Accordingly, WMG respectfully asks the Court to dismiss Yesh's copyright claim by pursuing these statutorily prescribed procedures as follows. First, the Court should immediately refer Yesh's copyright registration to the Register of Copyrights pursuant to section 411(b) for a

determination of whether registration would have been refused if the absence of the assignment had been known.  Based upon the case law cited below, and prior determinations of the Register in identical circumstances, the Register will almost certainly answer that question in the affirmative.  Second, concomitant with this referral, the Court should determine that Yesh had "knowledge" of the inaccuracy in its registration based upon the documents appended to the Amended Complaint.  As Courts assessing 17 U.S.C. § 411(b) have held in like circumstances, the knowledge requirement is satisfied if the applicant was aware of the actual facts, regardless of its understanding of the legal implications of those facts.  Here, there can be no question that Yesh was aware that it had not obtained a written copyright assignment when it filed its copyright application.  Indeed, the assignment was executed five months later by Yesh's two sole members, so denial of that knowledge would defy the standard of plausibility that governs this motion to dismiss, as well as logic and common sense.

While Yesh has asserted other claims in this action, its fundamental allegation is one of copyright infringement.  That claim will consume the bulk of discovery, expert testimony, and motion practice in this case.  It is thus imperative that Yesh's entitlement to bring its copyright claim be resolved at the outset.  Since the facts underlying Yesh's "inaccurate" copyright registration are not in dispute, the Court, using the procedures outlined below, should dismiss Yesh's copyright claim for failure to state a claim.

## ARGUMENT

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this standard, a plaintiff must plead factual content "that allows the court

3

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although all reasonable inferences are drawn in a plaintiff's favor on a motion to dismiss, the

Court need not accept as true "conclusions of law or unwarranted deductions of fact." *Lentell v.*

*Merrill Lynch & Co., Inc.*, 396 F.3d 161, 174-75 (2d Cir. 2005) (internal quotation omitted).

Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice [to establish entitlement to relief]." *Iqbal*, 556 U.S. at 678.

On this motion, the Court may properly consider "the complaint, documents attached to

the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco*

*v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010).  However, "[i]f the documents

contradict the allegations of a plaintiff's complaint, the documents control and the Court need

not accept as true the allegations in the complaint." *Bill Diodato Photography LLC v. Avon*

*Prods.*, No. 12-847, 2012 U.S. Dist. LEXIS 135688, *9 (S.D.N.Y. Sep. 21, 2012).  Here, the

registration and assignment attached to Yesh's Amended Complaint establish conclusively that

its registration is invalid, requiring dismissal of its copyright claim.

## I.   THE COURT SHOULD DISMISS PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM BECAUSE PLAINTIFF'S COPYRIGHT REGISTRATION IS INVALID

"To state a claim for copyright infringement, a plaintiff must allege both (1) ownership of

a valid copyright and (2) infringement of the copyright by the defendant." *Spinelli v. Nat'l*

*Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted).  However, a copyright

alone is not sufficient to permit a suit for copyright infringement.  A copyright holder may sue

for infringement of that copyright only if it possesses a valid copyright registration for the work

at issue. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019)

("[A]lthough an owner's rights exist apart from registration, registration is akin to an

administrative exhaustion requirement that the owner must satisfy before suing to enforce

ownership rights.") (citation omitted).  Yesh, accordingly, must show that it possesses a *valid* copyright registration for "Anything You Synthesize" in order to maintain this infringement suit. *See* 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) ("[Section 411(a)] establishes a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions.").  For the reasons set forth below, Yesh cannot show that its pleaded copyright registration is valid.

### A.    The Yesh Registration Contains Materially Inaccurate Information

The Amended Complaint alleges that Yesh "is the assignee and sole beneficial owner of all rights associated with U.S. Copyright Registration No. SR 713-287, which is for the original musical composition and sound recording 'Anything You Synthesize' (the 'Copyrighted Recording')."  Amended Complaint ¶ 20.  The same allegation states that "Plaintiff's U.S. Registration and assignment are attached as Exhibit 1" to the Amended Complaint, which in turn appends Certificate of Registration No. SR 713-287 (the "Yesh Registration") and a "Copyright Assignment Agreement" dated March 13, 2013 (the "Assignment").  The Yesh Registration and the Assignment in concert demonstrate on their face that Yesh's copyright registration is invalid as a matter of law.

More particularly, the Yesh Registration has an October 5, 2012 effective date, which is the "day on which the application, deposit, and fee … have all been received in the Copyright Office."  *See* 17 U.S.C. § 410(d).  However, the effective date of the "Copyright Assignment Agreement," by which Yesh claims it acquired ownership, is March 13, 2013, more than five months *later*.  Thus, Yesh's statement in its October 5, 2012 application that it owned the

copyright by way of a written transfer was false when made.  *See* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.").  Yesh cannot plausibly contend that it was unaware that no assignment had been executed, and its false statement of material fact renders the Yesh Registration invalid under the Copyright Act and applicable case law addressing this very type of inaccuracy.  However, before the Court can invalidate the Yesh Registration, the procedures of the Prioritizing Resources and Organization for Intellectual Property Act of 2008 (the "PRO IP Act") must first be satisfied, as set forth below.

### B.    The Court Should Refer The Yesh Registration To The Register Of Copyrights

Under the amendments to the Copyright Act pursuant to the PRO IP Act, before a copyright registration can be invalidated for "inaccurate information," the registration must be referred to the Register of Copyrights for an evaluation of the materiality of the inaccuracy.  The Register determines, in effect, whether the inaccurate statement is sufficiently material that the Copyright Office would have rejected the application had it known of the inaccuracy.  This procedure of referral to the Register is mandatory upon an "allegation" of material inaccuracy, as explained below.  The result for the Yesh Registration in this case is a foregone conclusion, because, as interpreted by the courts and the Register of Copyrights, a statement on a certificate of registration that the claimant owns the work by "written assignment" which is made prior to execution of that assignment renders the registration invalid as a matter of law.

Section 411(a) of the Copyright Act provides in pertinent part that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. §

6

411(a).  Under the PRO IP Act, Congress amended section 411 to provide that a certificate of registration satisfies the requirements of section 411(a) "regardless of whether the certificate contains inaccurate information, unless—

> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and

> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."

17 U.S.C. § 411(b)(1).  The amended statute provides further that "In any case in which inaccurate information described under paragraph (1) is *alleged*, the court *shall* request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 411(b)(2) (emphasis added).

The statute thus requires that the question of materiality – whether the Copyright Office's awareness of inaccuracy would have resulted in refusal to register – be referred to the Register. *See Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 348 (S.D.N.Y. 2016) ("courts are in agreement that the provision is mandatory in nature, requiring district courts to solicit the advice of the Copyright Office when the statutory conditions are satisfied").  It further sets up a two-part inquiry, under which the Court determines the "knowledge" requirement of subsection 411(b)(1)(A) on its own, but also must solicit the advice of the Register of Copyrights on the question of the materiality of the inaccuracy to the grant of registration pursuant to subsection 411(b)(1)(B).  *See Argento v. Santiago*, No. 16-6172, 2017 U.S. Dist. LEXIS 207814, *11 (W.D.N.Y. Dec. 18, 2017) ("The Court may answer the first question [whether the inaccurate information was included on the application with knowledge that it was inaccurate] on

its own, but must solicit the advice of the Register of Copyrights before resolving the [materiality] question.").

Here, where the Yesh Registration is undisputedly false on its face based on the attachments to the Amended Complaint, referral to the Register of Copyrights is mandatory.  The question then becomes when that referral should be made.  While litigants have sometimes argued that referral should await the Court's separate determination of the "knowledge" requirement, courts in this and other jurisdictions have rejected that argument:

> The Court easily rejects any suggestion that it *must* await a determination that [plaintiff] knowingly submitted inaccurate information to the Copyright Office before it may refer the question of materiality to the Register.  To the contrary, the Copyright Act calls for referral "[i]n any case in which" the knowing submission of materially "inaccurate information … is *alleged*." … Even if this language does not require that the Register's "input ... be sought *immediately* after a party" claims the invalidity of a registered copyright …, neither does it require that the Court await any evidentiary showing at all, let alone an evidentiary showing that forecloses any issues of material fact, prior to referral.

*King-Devick Test, Inc. v. NYU Langone Hosps.*, No. 17-9307, 2019 U.S. Dist. LEXIS 117628, at * 29-30 (S.D.N.Y. July 15, 2019) (citations omitted; emphasis in original).  Indeed, the court in *Ronaldo Designer Jewelry, Inc. v. Cox*, No. 17-02, 2019 U.S. Dist. LEXIS 69187 (N.D. Miss. Apr. 24, 2019), held that "Congress's use of the word 'alleged' reflects an intent to eschew an evidentiary requirement" for a section 411(b)(2) referral:

> Section 411(b)(2) unambiguously provides that a referral to the Register is *required* "[i]n any case in which inaccurate information described under paragraph (1) is alleged." 17 U.S.C. § 411(b)(2) … The plain meaning of "alleged," of course, contemplates no evidentiary burden …  Indeed, the United States Supreme Court has expressly rejected imposing an evidentiary burden when a statute, like § 411(b)(2), uses the phrase "is alleged."

*Ronaldo*, 2019 U.S. Dist. LEXIS 69187 at *5 (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 64 (1987)) (emphasis in original).

8

Here, as noted above, the Yesh Registration's "inaccurate information" is not merely a matter of WMG's "allegation," but is conclusively established by attachments to the Amended Complaint.  The effective date of the Yesh Registration – the date on which Yesh submitted its copyright application – is October 5, 2012.  When Yesh submitted the application for the Yesh Registration on that date, it certified that it owned the copyright by way of a transfer "by written agreement," but that agreement (also attached to the Amended Complaint) was not executed until five months *later*, on March 13, 2013.  *See* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.").  That inaccuracy is material as a matter of law.

In *DeliverMed Holdings, LLC v. Schaltenbrand*, the Seventh Circuit affirmed that an identical statement in the plaintiff's copyright registration application – that the claimant owned the copyright through a transfer "by written agreement" – was false when it was made because the written transfer agreement was executed only *one week* later, 734 F.3d 616, 623 (7th Cir. 2013) ("Although they eventually executed a transfer agreement, this happened a week after DeliverMed filed its registration application.  The fact that the parties later entered into an agreement does not transform Swift's earlier misrepresentation [on its copyright registration application] into a true statement.").

On remand, the district court referred the question of the materiality of DeliverMed's inaccurate statement to the Register of Copyrights pursuant to 17 U.S.C. § 411(b).  In Response, the Register explained that:

> Regulations governing the submission of applications are codified in title 37 of the Code of Federal Regulations.  Section 202.3(a)(3) of the regulations explains that the term "claimant" means either "[t]he author of a work" or "[a] person or organization that has obtained ownership of all

9

> rights under the copyright initially belonging to the author."  A footnote to
> this section of the regulations states that "[t]his category includes a person
> or organization that has obtained, from the author or from an entity that
> has obtained ownership of all rights under the copyright initially belonging
> to the author, the contractual right to claim legal title to the copyright in an
> application for copyright registration."  37 C.F.R. § 202.3(a)(3) n.1.

*DeliverMed Holdings, LLC v. Schaltenbrand*, No. 3:10-cv-684-JPG-DGW (S.D. Ill.), ECF No.

337.  The Register then determined that:

> Based on the governing statutory and regulatory standards, had the Office
> been aware … that [the purported author] had not transferred an interest in
> the Work by written agreement to DeliverMed, the Register would have
> refused to register the Work in response to the Application, as each of
> these elements was necessary and material to establish DeliverMed's
> claim of copyright ownership in the Work.

*Id*.  Based on this determination by the Copyright Office, the district court invalidated the

registration on the grounds of DeliverMed's material false statement in its application that a

written agreement transferring copyright ownership to DeliverMed had already been executed.

*See DeliverMed Holdings, LLC v. Schaltenbrand*, 2014 WL 27104 (S.D. Ill. Jan. 30, 2014).

The facts are indistinguishable here, as Yesh similarly misrepresented to the Copyright

Office that it owned the copyright by way of a written transfer agreement that did not then exist,

and would not be executed until some five months later.  Indeed, if the one-week time lag in

*DeliverMed* was fatal to plaintiff's registration, Yesh's five-month delay in obtaining an

assignment will result in the same determination by the Copyright Office here.  The Court should

thus immediately refer the matter to the Register of Copyrights for a determination as to whether

the Register would have rejected Yesh's application had the Register known that, at the time

Yesh certified that it owned the copyright through a transfer "by written agreement," no such

agreement yet existed.

**C.     The Court Should Simultaneously Determine Yesh's Knowledge Of The Inaccurate Information In The Yesh Registration On This Motion**

While the Court awaits the Copyright Office's determination regarding materiality, it should also determine from the face of the pleadings and documents attached to the Amended Complaint that Yesh had undisputed knowledge that it had not obtained the written assignment when it certified to the contrary.  The term "knowledge" in section 411(b)(1)(A) must be given its "ordinary, contemporary, common meaning."  *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017).  Thus, "[a]n applicant for a copyright registration will have knowledge of inaccurate information in a copyright application when the applicant is 'aware' of the facts underlying the inaccuracy."  *Bruhn NewTech, Inc. v. United States*, 144 Fed. Cl. 755, 815 (2019) (quoting *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, Ltd. Liab. Co.*, 925 F.3d 1140, 1147-48 (9th Cir. 2019) ("Fiesta was admittedly aware of the facts regarding its fabric sales; its inclusion of designs that it knew had been sold, and therefore published, in an unpublished collection cannot be characterized as an inadvertent or good faith mistake.  Thus, Fiesta included inaccurate information on its application with knowledge that it was inaccurate.").  *See also Palmer/Kane v. Rosen*, 188 F. Supp. 3d at 352 ("While plaintiff objects that there is no evidence that plaintiff *knew* the information was inaccurate, plaintiff's 30(b)(6) witness testified that the works had been published by the time the May 18, 2001 application had been filed, which plaintiff surely would have known at the time as well.").  Knowledge, for purposes of § 411(b), simply means awareness of the facts of the inaccuracy, rather than knowledge of the law governing the ramifications of the inaccuracy.  *See Gold Value*, 925 F.3d at 1147 (9th Cir. 2019) ("the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.") (quoting *Bryan v. United States*, 524 U.S. 184, 192 (1998) (internal quotation marks omitted)).

Under even the most generous of inferences in Yesh's favor, it was indisputably aware of the facts underlying its inaccurate statement in its application that it had already acquired copyright ownership by a "written agreement" that did not exist.  Yesh is a limited liability company comprised of two members, who are the individual musicians who composed and recorded the work in question and assigned it to the Yesh entity five months later.  *See* Amended Complaint ¶¶ 20-21.  It is utterly implausible that Yesh, which can only act through its individual members, did not know that an assignment had not been executed.  To hold otherwise would render the knowledge requirement impossible to satisfy, as a simple denial of "awareness" of basic facts of one's own conduct would defeat every motion pursuant to § 411(b).

Nor can Yesh try to import into the knowledge requirement some heighted standard akin to fraudulent intent or scienter, as courts in this jurisdiction and elsewhere have confirmed.[2]  Rather, an applicant has knowledge when it simply knows the true facts that have been stated inaccurately.  Here, Yesh necessarily knows what it did and did not do, as a matter of law and

---

[2] *See Gold Value*, 925 F.3d at 1147 ("the plain language of § 411(b) … does not require a showing of fraud, but only that the claimant included inaccurate information on the application 'with knowledge that it was inaccurate.'"); *Bruhn NewTech*, 144 Fed. Cl. at 802 ("17 U.S.C. § 411(b) does not require a showing of fraud or willfulness to invalidate a copyright registration for purposes of filing a copyright infringement claim ….."); *SellPoolSuppliesOnline.com LLC v. Ugly Pools Ariz. Inc.*, No. 15-1856, 2018 U.S. Dist. LEXIS 163007, *33 (D. Ariz. Sept. 24, 2018) ("The Court, therefore, concludes that it is not necessary to show fraud on the copyright office for § 411(b)(1)(A) and (B) to apply …"); *Palmer/Kane v. Rosen*, 188 F. Supp. 3d at 352 (Rakoff, J.) ("Nor is plaintiff correct that the statute requires a showing of fraudulent intent on the part of the applicant … The standard is whether the applicant knowingly included inaccurate information on its application that could have led the Copyright Office to refuse registration."); *Palmer/Kane LLC v. Gareth Stevens Publ'g*, No. 15-7404, 2016 U.S. Dist. LEXIS 147336, *4 (S.D.N.Y. Oct. 24, 2016) ("To the extent that Plaintiff argues that the statute requires a showing of 'fraudulent intent' separate and apart from a showing of knowing inaccuracy, the Court agrees with Judge Rakoff and declines to graft this additional requirement onto the plain statutory text.") (footnote omitted).

common sense, so the Court should find that the knowledge requirement for invalidation is satisfied.

## CONCLUSION

Defendant WMG respectfully requests that the Court (i) determine that Yesh's statement in its copyright application that it owned the copyright in "Anything You Synthesize" through a nonexistent "transfer by written agreement" was made with knowledge that it was inaccurate; and (ii) ask the Register of Copyrights to advise the Court whether that inaccurate information, if known, would have caused the Register to refuse registration.  If the Register advises that she would have refused to register "Anything You Synthesize" if the inaccuracy were known, the Court should dismiss Plaintiff's First Claim for Relief for failure to state a claim upon which relief can be granted.

Dated: New York, New York
      December 16, 2019

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:    s/Jonathan Z. King

Jonathan Z. King (jzk@cll.com)
Thomas Kjellberg (txk@cll.com)
114 West 47th Street
New York, New York 10036-1525
(212) 790-9200

Attorneys for Defendant Warner Music Group Corp.