Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 PARK AVE., 7TH FL.
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
YESH MUSIC, LLC,                                    Case No.: 19-cv-7832 (AJN)

                      Plaintiff,

                                    **PLAINTIFF'S OPPOSITION TO**
                v.                               **DEFENDANT WARNER MUSIC**
                                    **GROUP CORP.'S MOTION TO**
WARNER MUSIC GROUP CORP., MAL LUNE       **DISMISS THE FIRST CLAIM.**
MUSIC, and WILLIAM NZOBAZOLA a/k/a
NINHO,

                      Defendants.
----------------------------------------------------------------x

      Plaintiff respectfully submits this memorandum of law in opposition to defendant Warner Music Group Corp's ("WARNER") motion to dismiss the first claim in the amended complaint pursuant to Federal Rule Civil Procedure 12(b)(6).

## I.    PLAINTIFF'S CORRECTION OF THE FACTS PRESENTED

      Plaintiff is a limited liability company composed solely of the authors of the musical work at issue "Anything You Synthesize" (the "Copyrighted Recording"). See Am. Compl. ¶ 22. The Copyrighted Recording appears on the album "A Memory Stream". See Emanuele Decl. at ¶ 2.  On January 11, 2012 (the "January 11, 2012 Assignment"), which was months before the submission of the application for copyright registration, the author's assigned all rights to the album "A Memory Stream". See Emanuele Decl. Ex. 1.  The January 11, 2012 assignment transfers "all components" of the album including the Copyrighted Recording. Id.  Defendant

failed to consider a prior assignment when it made its motion.  The existence of the prior assignment vitiates defendant's claims in their entirety.

Defendant WARNER also incorrectly claims it is merely a holding company that is not exploiting the "Infringing Derivative".  That representation is directly contradicted by the well pleaded complaint which states:

- "Defendants WMG, and MLM produced, synchronized, and distributed the Infringing Derivative." Am. Compl. at ¶ 25.
- "Defendant WMG admitted defendant's song was infringing plaintiff's rights." Am. Compl. at ¶ 30.
- Defendants [including WARNER] created a video synchronizing the Copyrighted Recording, and on August 17, 2019 release the video through YouTube at <https://www.youtube.com/watch?v=JKgm8ZoiEA8>. (the "Infringing Caramelo Video") See screenshots below and Exhibit 3 and 4 which contain the original Copyrighted Record and the Infringing Caramelo Video. Am. Compl. at ¶ 32.
- "The above video, See Exhibit 4 annexed hereto, was created by Rec 118 which is a label owned and controlled by WMG." Am. Compl. at ¶ 33.
- "After recently creating the Infringing Caramelo Video, Rec 118 (one of WMG's labels) gave the rights to Speedy to exploit the Infringing Caramelo Video on the Internet."  Am. Compl. at ¶ 35
- "Defendants continue to commercially exploit and commit acts of infringement with no regard to their legal obligations." Am. Compl. at ¶ 37.
- "The Infringing Caramelo Video is a clear infringement of plaintiff's exclusive rights as set forth in Section 106 of the Act." Am. Compl. at ¶ 39.
- "Defendants copied and synchronized the Copyrighted Recording knowing there was no license to do so." Am. Compl. at ¶ 40.
- Defendant WARNER was a signatory to the settlement agreement in a prior infringement action. See Am. Compl. at ¶ 43.
- WARNER's 10Q Statement filed with the SEC details in great detail the revenue it generates from mechanical, sound recording, and public performance royalties. See Am. Compl. ¶¶ 60-61.

Defendant also incorrectly claims plaintiff could not disclose the prior settlement agreement. The Settlement Agreement contemplates its disclosure in litigation provided the other party is given adequate notice.  Well before the filing of the within action, defendant was put on notice of the proposed filing but made no objection.

Plaintiff has proven there was a valid assignment at the time of the application for registration, and defendant's motion should, respectfully, be denied.

## II.     STANDARD

A defendant may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  As the Supreme Court stated in Iqbal, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  In fact, dismissal under Rule 12(b)(6) is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993).

Here, plaintiff has pled it is the beneficial owner by assignment, which incorporates by reference the very assignment alleged.  The January 11, 2012 Assignment alleged is sufficient to overcome defendant's motion.

## III.    THERE WAS NO MISREPRESENTATION

A certificate of registration from the U.S. Register of Copyrights constitutes prima facie evidence of the certificate holder's copyright ownership, as well as of the truth of the facts stated in the registration. 17 U.S.C. § 410(c); see also *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992).  The validity of a registration may be rebutted by proof of a certificate holder's fraud on the Copyright Office, though the party seeking to establish such fraud bears a "heavy burden." *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000).  A party asserting fraud must show that (i) the copyright application contains one or more factual misrepresentation, (ii) the inaccuracies were "willful or deliberate," and (iii) the Copyright Office relied on the misrepresentations. See *Id*.; *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989).

At bar, there was no error when the application was filed. On January 11, 2012 the rights to the Copyrighted Recording were transferred to plaintiff. See Emanuele Decl. Ex. 1. That assignment vitiates the defendant's argument in its entirety. The January 11, 2012 Assignment transfers all:

> "title, and interest throughout the world, including, but not limited to, all copyrights and renewals or extensions thereto, and any and all authorship interests of any kind, including music, lyrics, production, sound recording and any and all other authorship interests of any kind, now vested and contingent herein, in the following musical compositions *and their respective components* set forth below:
>
> A Memory Stream - PAU 3-452-712 …"

Emanuele Decl. Ex. 1 (emphasis added).

The Copyrighted Recording is a component of the album "A Memory Stream". Accordingly, at the time the application for copyright protection was submitted to the U.S. Copyright Office, plaintiff was indeed the beneficial owner by assignment. Plaintiff, therefore, had a good-faith belief it was the proper claimant at the time the application was made, and defendant's motion must, respectfully, be dismissed as it is premised solely on the wholly incorrect premise that there was no assignment at the time the application was made.

## IV. PLAINTIFF DRAFTED THE APPLICATION AFTER CONSULTING WITH THE REGISTRAR OF COPYRIGHTS OFFICE

The Prioritizing Resources and Organization for Intellectual Property Act of 2008 (the "PRO IP Act") prevents a court from invalidating a copyright registration without a showing of fraud. "In 2008, as part of the PRO IP Act, Congress amended 17 U.S.C. § 411 to provide that a certificate of registration satisfies the section's requirements, 'regardless of whether the

certificate contains any inaccurate information, unless' the following two requirements are met:

> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."

*Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223 (S.D.N.Y. 2012)(quoting 17 U.S.C. § 411(b)(1)).

The assignment at issue was from the authors John Emanuele and Richard Cupolo to Yesh, Music, LLC – an LLC that consists of the same two individuals. Am. Compl. at ¶¶ 21-22. The authors were, in effect, transferring ownership to themselves.  Any inaccuracy, and there was none, is ministerial at best and subject to 17 U.S.C. § 411.

There was no error at the time the application was made due to the previously filed January 11, 2012 Assignment.  In fact, in December 2011, plaintiff contacted the Registrar of Copyrights and asked how to transfer all the rights to all its musical recordings to the limited liability company is was in the process of forming.  The Registrar responded:

> "You guys can record a document stating a transfer of ownership pertaining to your registered works. See http://www.copyright.gov/circs/circ12.pdf for more information."

See Cupolo Decl. Ex. 2.

On December 29, 2011, plaintiff formed the limited liability company Yesh Music, LLC as a holding company for its rights.  The holding company was formed for the express and only purpose of holding the rights to Messrs. Emanuele and Cupolo's musical works. See Am. Compl. at ¶ 22.  Shortly after forming the limited liability company Yesh Music, the artists followed the instructions in Circular 12 and recorded an assignment of rights dated January 11, 2012.

Months later, plaintiff submitted the application to the U.S. Copyright Office seeking copyright protection the Copyrighted Recording. Plaintiff relied in good faith on the instructions given by the Registrar of Copyrights. Defendant cannot prove there was inaccurate information, or that plaintiff believed there was inaccurate information at the time of the application.

V.      THE ASSIGNMENT IS VALID

Copyrights, like other property rights, can be transferred from an owner to another entity. 17 U.S.C. § 201; Schiller & Schmidt. Section 204 set out the requirements of a transfer:

> "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."

"The purpose of the writing requirement [for copyright assignments] [§ 204(a)] is to resolve disputes between copyright owners and transferees about the status of the copyright. Where there is no such dispute, it would be 'unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement.'" *Sunham Home Fashions, LLC v. Pem-Am., Inc*., 2002 U.S. Dist. LEXIS 24185, at *7 (S.D.N.Y. Dec. 17, 2002) (quoting *Imperial Residential Design, Inc. v. Palms Dev. Group, Inc*., 70 F.3d 96, 99 (11th Cir. 1995)), aff'd, 83 F. App'x 369 (2d Cir. 2003) (summary order).

"It is also well-established in this Circuit that where a transferor and transferee of a copyright do not dispute that the transfer was valid, an alleged third party infringer may not avoid liability by invoking [] § 204(a)'s requirement that the transfer agreement have been made in writing" *Software for Moving, Inc. v. La Rosa Del Monte Exp., Inc*., 2009 U.S. Dist. LEXIS 54679, 2009 WL 1788054, at *8 (S.D.N.Y. June 23, 2009)(citing *Eden Toys, Inc. v. Florelee Undergarment Co*., 697 F.2d 27, 36 (2d Cir. 1982)).

Here, the creators of the musical work in question do not contest the validity of their assignments to plaintiff which, again, is composed solely of the authors of the musical work. Defendant does not assert that it received any transfers of rights and does not have standing to question the assignments.

VI. **THE JANUARY 11, 2011 ASSIGNMENT AND DECEMBER EMAIL ARE INCORPORATED BY REFERENCE INTO THE AMENDED COMPLAINT. ALTERNATIVELY, PLAINTIFF REQUESTS THE COURT TAKE JUDICIAL NOTICE OF THE DOCUMENTS.**

"In reviewing a motion to dismiss, a court may consider, inter alia, (1) documents that are incorporated by reference into the complaint, and (2) documents that, even if not incorporated by reference, the defendant has notice of and that are 'integral' to the complaint.'" *Done v. HSBC Bank USA*, 2010 U.S. Dist. LEXIS 99798, at @ 4 (citing *Chambers v. Time Warner*, 282 F.3d 147, 152-54 (2d Cir. 2002).

At bar, the documents attached to the Emanuele Declaration are incorporated by reference in the Amended Complaint which states: "Plaintiff YESH is the assignee and sole beneficial owner of all rights associated with U.S. Copyright Registration No. SR 713-287, which is for the original musical composition and sound recording "Anything You Synthesize". Am. Compl. at ¶ 20.  The Amended Complaint also avers: "Cupolo and Emanuele formed YESH and then assigned all of their rights to all recordings made under the 'The American Dollar' name to Yesh Music, LLC." Am. Compl. at ¶ 22.

These averments contemplate the very assignment they reference.  Further, the December 2011 email is contemplated by the same averments.  In the event this Court finds either document is not incorporated by reference, plaintiff respectfully requests this Court take judicial notice under Federal Rule of Evidence 201.

**CONCLUSION**

Based on the forgoing, there was no misrepresentation, and plaintiff had a good-faith belief in the accuracy of the claimant at the time the application was made. Plaintiff respectfully request defendant's motion be dismissed. This matter should proceed on the merits, and not be dismissed due to an incorrect hyper-technical application of a Rule.

Dated: December 2, 2019　　　　　　　　　**GARBARINI FITZGERALD P.C.**
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　By: *Richard M. Garbarini*
　　　　　　　　　　　　　　　　　　　　　　Richard M. Garbarini (RG 5496)